William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Defendant
PAULINE CASTRO

FILED
DISTRICT COURT OF GUAM
APR 28 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAULINE CASTRO,<br><br>Defendant.<br>_____/ | CRIM. CASE NO. CR-06-00001-001<br><br><br><br>MOTION FOR RE-HEARING<br>(hearing requested) |

COMES NOW, Defendant, Pauline Castro, by and through counsel, and for her Motion for Re-hearing states as follows:

On April 27, 2006 a detention hearing was held in this matter. This Court, relying upon 18 U.S.C. § 3143(a)(2), found that Ms. Castro was ineligible for release under any conditions or circumstances as she had already been sentenced, her crime was a drug offense with a maximum sentence of over ten years, and the Government opposed release. At hearing, counsel for Ms. Castro cited THE BAIL REFORM ACT OF 1984 at 37 (Fed. Judicial Center ed., 2d ed. 1993) for the proposition that under certain circumstances Ms. Castro would be eligible for release notwithstanding the provisions of § 3142(a)(2). Defense counsel asked permission to brief this issue so that this court would consider evidence in support of Ms. Castro's motion for release. The Court

ORIGINAL

asked defense counsel to brief the issue and submit his brief as a motion for reconsideration.

On its face, 18 U.S.C. § 3143(a)(2) would seem to preclude a defendant in Ms. Castro's position (guilty plea to narcotics violation, maximum sentence over ten years, government opposition) from being released from detention. However, under 18 U.S.C. § 3145(c), a defendant precluded from release by § 3143(a)(2) (or § 3143(b)(2)) is still eligible for release if the defendant "meets the conditions of release set forth in section 3143 (a)(1) . . . [and if it is clearly shown that there are exceptional reasons why such [defendant's] detention would not be appropriate." See also, THE BAIL REFORM ACT OF 1984 at 37 (Fed. Judicial Center ed., 2d ed. 1993)(cited by defense counsel at the April 28th hearing).

While § 3145(c) is unclear if it applies to district courts as well as the circuit court, in United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003), the Ninth Circuit found that it did. Specifically the Ninth Circuit recognized that if a defendant who otherwise would be ineligible for release by operation of § 3143 could show by clear and convincing evidence that she was not a danger to the community or a flight risk, the "exceptional reasons" provision of § 3145(c) permitted a district court to release a defendant. While the defendants in Garcia were seeking release pending appeal, § 3145(c) explicitly makes the "exceptional reasons" provision apply to defendants like Ms. Castro, who are seeking release pending sentencing.[1] The other circuits which have addressed the

---

[1] § 3145(c) states in relevant part:

> A person subject to detention pursuant to section 3143 (a)(2) or (b)( 2), and who meets the conditions of release set forth in section 3143 (a)(1) or (b)(1), may be

2

issue are in agreement that the "exceptional reasons" provision permits the district court to release a defendant pending sentencing. United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991); United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991); United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992); United States v. Jones, 979 F.2d 804, 806 (10th Cir. 1992). See, THE BAIL REFORM ACT OF 1984 at 37 (Fed. Judicial Center ed., 2d ed. 1993).

*Ms. Castro is neither a danger to the community nor a flight risk.*

The United States Probation Office has determined that placing Ms. Castro in the custody of her father would address concerns of danger to the community and flight risk.

*There exist "exceptional reasons" which indicate that to continue Ms. Castro's detention prior to sentencing would not be appropriate.*

In Garcia, the court found that for defendants already sentenced but seeking release pending appeal, a district court may look to the length of the prison sentence imposed in determining if "exceptional reasons" exist. 340 F.3d at 1019. The first reason the Garcia court gave to look at the length of sentence given was that it "may be a proxy for the seriousness of the crime." In the instant case, Ms. Castro is facing a mandatory minimum of five years and a maximum sentence of forty years. However, because she has no prior convictions and there is no indication in any police report that

---

ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

she had a managerial role, she is eligible for the "safety valve" provisions of 18 U.S.C. §3553(f)(5). The quantity of drugs revealed in the indictment and reports from law enforcement subject Ms. Castro to a sentence of less than five years. Accordingly, Ms. Castro is at the very low end of the sentencing range for persons charged in federal court with distribution of methamphetamine.

The Court in Garcia also stated that health concerns could create "exceptional reasons." Id at 1019 – 20:

> The district court might also consider circumstances that would render the hardships of prison unusually harsh for a particular defendant. Chief among such circumstances is a sufficiently serious illness or injury. A severely ill or injured defendant might have exceptional reasons even if the requisite medical treatment is available in prison.

Id.

Presently, Ms. Castro is suffering from debilitating pains in her left side. She has been to the prison infirmary at the Guam Department of Corrections where she is being held. Only the nurse has examined her. The prison nurse, two weeks ago, told Ms. Castro that she suspects a kidney problem but has yet to conduct a urinalysis the nurse says is needed to determine if the kidneys are at risk. No doctor has examined Ms. Castro. Ms. Castro has been given Motrin which is entirely ineffective. Ms. Castro has suffered from kidney and urinary tract infections in the past.

Ms. Castro is not arguing that she cannot receive adequate medical care where she is confined, a factor the Ninth Circuit recognized in determining if "exceptional reasons" exist. Rather, she is stating that she has effectively received no medical care.

Whatever is wrong with her, whether it be an infection which could spread and be potentially life threatening, or whether her pain is caused by something else, she is far better off being able to see a private physician than relying on a somewhat infamous the Department of Corrections health care system to help ensure her physical well-being.

WHEREFORE, Defendant prays for a re-hearing or in the alternative that she be released.

Respectfully Submitted,

LAW OFFICES OF GORMAN & GAVRAS

Date: April 28, 2006.  By: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Defendant
PAULINE CASTRO

## CERTIFICATE OF SERVICE

I certify that I will cause to be served upon the Office of the U.S. Attorney, by hand delivery, a true and correct copy of this document on or before April 28, 2006.

Date: April 28, 2006.  By: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Defendant
PAULINE CASTRO