ORIGINAL


**FILED**
DISTRICT COURT OF GUAM

MAY -9 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PAULINE MARIE CASTRO,<br><br>    Defendant. | CRIMINAL CASE NO. 06-00001<br><br><br><br><br><br>ORDER |

    This matter is before the Court on the Defendant's Motion for Re-Hearing following the Court's denial of the Defendant's motion seeking release pending sentencing. For the reasons set forth herein, the Court hereby grants the Defendant's request for re-hearing.

### FACTS

    On January 4, 2006, the Defendant and another individual were indicted and charged with two (2) counts of Distribution of Methamphetamine Hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The drug quantities alleged were 7.7 grams net weight of "ice" for Count I and 3 grams net weight of "ice" for Count II.

    The Defendant made her initial appearance and was arraigned on February 10, 2006. The Defendant was thereafter remanded to the custody of the United States Marshal Services following the Court's finding that there was probable cause to believe that the Defendant committed an offense for which the maximum term of imprisonment of ten years or more is

prescribed in the Controlled Substances Act, and the Defendant had not rebutted the presumption that no condition or combination of conditions would reasonably assure her appearance as required and the safety of the community. 18 U.S.C. § 3142(e) and (f)(1).

On April 3, 2005, the Defendant pled guilty to both counts of the Indictment. The Defendant continued to be detained as previously ordered by the Court.

On April 25, 2006, the Defendant filed a motion seeking her release pending sentencing. (Docket No. 78.) On April 27, 2006, the Court denied the Defendant's motion on the basis that the requirements for release under 18 U.S.C. § 3143(a)(2)[1] had not been met. (Minutes, Docket No. 80.) The Court, however, authorized defense counsel to file a motion for reconsideration if he found law to the contrary. (Id.)

On April 28, 2006, the Defendant filed a Motion for Re-Hearing. (Docket No. 81.) Therein, the Defendant argued that in spite of the mandatory detention provision of Section 3143(a)(2), the Court nevertheless has the ability to release her pending sentencing pursuant to 18 U.S.C. § 3145(c).

On May 1, 2006, the Government filed its Response to the Defendant's motion. (Docket No. 82.) The Government maintained that detention was required under Section 3143(a)(2) and that Section 3145 was inapplicable.

---

[1] This statute provides that

> [t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; **or**
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
>   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

# ANALYSIS

As an initial matter, there is no dispute that the Defendant has pled guilty to an offense itemized in Section 3142(f)(1). Thus, the mandatory detention pending sentencing provision of Section 3143(a)(2) applies. Notwithstanding said provision, the Defendant asserts the Court may exercise its discretion and release her pursuant to Section 3145(c), which states:

> **(c) Appeal from a release or detention order.** An appeal from a release or detention order, ... is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

The Government argues that Section 3145 is not on point because Congress could not have intended to set stringent condition for releasing drug traffickers in Section 3143(a)(2) only to then relax these conditions in Section 3145.

By its terms, Section 3145(c) would appear to only permit appellate courts to determine whether "exceptional reasons" make detention inappropriate. The majority of appellate courts that have considered the issue of whether district courts may themselves apply Section 3145(c) or whether said provision is solely reserved for appellate courts reviewing detention decisions have either expressly or impliedly determined that Section 3145(c) is available to the district courts, as the Defendant here urges.

Although the Ninth Circuit has not directly decided the issue, in a published order denying suggestions to hear a matter *en banc*, four judges of this circuit have assumed, in *dicta*, that the district court has the authority to determine whether exceptional reasons warranting release exist under Section 3145(c). See United States v. Koon, 6 F.3d 561 (9th Cir. 1993).[2]

---

[2] In Koon, Judge Rhymer's concluding opinion stated that "'exceptional reasons' is a fact-intensive inquiry within the discretion of the district court." 6 F.3d at 564. In the dissenting opinion, Judge Reinhardt, joined by Judges Noonan and Kozinski, remarked that "[i]t is time for this court to give district courts and future motions panels guidance in determining what ['exceptional reasons'] means." Id. at 565.

Additionally, in United States v. Garcia, 340F.3d. 1013 (9th Cir. 2003), the Ninth Circuit addressed for the first time the meaning of the term "exceptional reasons" in Section 3145(c) and stated that

> [a]lthough the "exceptional reasons" provision appears in a subsection that otherwise concerns actions taken by appellate courts, we agree with the other circuits to have addressed the issue that the district court has authority to determine whether there are exceptional reasons.

Id. at 1014 n.1 (citations omitted).

In light of the appellate authority available and the Ninth Circuit's indication, at least implicitly, that Section 3145(c) is available to district courts, the Court is inclined to adopt the Defendant's position. Thus, the Court will exercise its authority to determine whether the Defendant has shown "exceptional reasons" why detention pending sentencing would not be appropriate under the circumstances.

## CONCLUSION

For the foregoing reasons, the Court hereby schedules the issue of the Defendant's release pending sentencing for re-hearing on Friday, May 19, 2006, at 10:00 a.m. The parties should be prepared to address whether there are "exceptional reasons" why the Defendant's continued detention would not be appropriate.

SO ORDERED this 9th day of May 2006.

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge